UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOSRAT MAJLESY, an Individual Resident of Washington,<br>Plaintiff,<br><br>v.<br><br>PB IMPULSORES, S. de R.L. de C.V., a Mexican Limited Liability Company; BANCO J.P. MORGAN, S.A., a Mexican Corporation; TRUMP MARKS, LLC, a Delaware Limited Liability Company; TRUMP MARKS BAJA, LLC, a Delaware Limited Liability Company; TRUMP ORGANIZATION, INC., a New York Corporation; TRUMP ORGANIZATION, LLC, a New York Limited Liability Company; IRONGATE DEVELOPMENT, an unknown business entity; IRONGATE WILSHIRE, LLC, a Delaware Limited Liability Company; IRONGATE CAPITAL PARTNERS, LLC, a Delaware Limited Liability Company; FIRST AMERICAN FUND CONTROL, INC., a California Corporation; CALIFORNIA FUND CONTROL, INC., a California Corporation; LANDAMERICA TITLE COMPANY, a California Corporation; LAWYERS TITLE COMPANY, a California Corporation; SOUTHLAND TITLE CORPORATION, a California Corporation; and SOUTHLAND TITLE OF SAN DIEGO, a California Corporation,<br>Defendants. | No.:<br><br>COMPLAINT<br><br>JURY DEMAND |

COMES NOW PLAINTIFF NOSRAT MAJLESY, by and through his attorneys of record, and presents the following Complaint against Defendants, alleging as follows:

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

COMPLAINT - 1

# I. Parties

1.1     Plaintiff Nosrat Majlesy ("Majlesy") is an individual resident of the State of Washington.

1.2     Defendant PB Impulsores, S. de R.L. de. C.V. ("PB Impulsores") is, and at all times relevant hereto was, a Mexican limited liability company formed under the laws of the State of Baja California, Republic of Mexico, with principal places of business at 10880 Wilshire Boulevard, Suite 1460, Los Angeles, California, and 515 South Flower Street, 25th floor, Los Angeles, California, 90071.

1.3     Defendant Banco J.P. Morgan, S.A., Institucion de Banca Multiple, J.P. Morgan Grupo Financiero, Division Fiduciaria ("Banco JP Morgan") is, and at all times relevant hereto has been, a Mexican corporation with principal places of business at Paseo de las Palmas No. 405, Piso 14, Torre Optima 1, Colonia Lomas de Chapultepec, C.P. 11500, Mexico, D.F., and Blvd. Agua Caliente 4558-507, Colonia Aviacion, Tijuana, Baja California, Mexico 22420.

1.4     Defendant Trump Marks, LLC ("Trump Marks") is, and at all times relevant hereto has been, a Delaware limited liability company with its principal place of business at 725 Fifth Avenue, New York, New York.

1.5     Defendant Trump Marks Baja, LLC ("Trump Marks Baja") is, and at all times relevant hereto has been, a Delaware limited liability company with its principal place of business at 725 Fifth Avenue, New York, New York.

1.6     Defendant Trump Organization, Inc. ("Trump Inc.") is, and at all times relevant hereto has been, a New York corporation with its principal place of business at 725 Fifth Avenue, New York, New York.

1.7     Defendant Trump Organization, LLC ("Trump LLC") is, and at all times relevant hereto has been, a New York limited liability company with its principal place of business at 725 Fifth Avenue, New York, New York.

COMPLAINT - 2

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

1.8  The term "Trump Defendants" as used in this Complaint shall be deemed to mean and include the Defendants previously identified herein as Trump Marks, Trump Marks Baja, Trump Inc., and Trump LLC.

1.9  Defendant Irongate Development ("Irongate") is, and at all times relevant hereto has been, an unknown business entity with its principal place of business at 10880 Wilshire Boulevard, Suite 1460, Los Angeles, California.

1.10  Defendant Irongate Wilshire, LLC ("Irongate Wilshire") is, and at all times relevant hereto has been, a Delaware limited liability company with its principal place of business at 10880 Wilshire Boulevard, Suite 1460, Los Angeles, California.

1.11  Defendant Irongate Capital Partners, LLC ("Irongate Capital") is, and at all times relevant hereto has been, a Delaware limited liability company with its principal place of business at 10880 Wilshire Boulevard, Suite 1460, Los Angeles, California.

1.12  The term "Irongate Defendants" as used in this Complaint shall be deemed to mean and include the Defendants previously identified as Irongate, Irongate Wilshire, and Irongate Capital.

1.13  Based on information and belief, Plaintiff alleges that PB Impulsores and the Irongate Defendants were/are alter ego entities structured to evade responsibility and payment of obligations owed to Plaintiff.

1.14  Defendant First American Fund Control, Inc. is, and at all times relevant hereto has been, a California corporation with its principal place of business at 200 Commerce, Irvine, California.

1.15  Defendant California Fund Control, Inc. is, and at all times relevant hereto has been, a California corporation with its principal place of business at 200 Commerce, Irvine, California.

COMPLAINT - 3

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

1.16    Based upon information and belief, Defendant First American Fund Control, Inc. is the successor in interest to Defendant California Fund Control, Inc.

1.17    Defendant LandAmerica Title Company is, and at all times relevant hereto has been, a California corporation with its principal place of business at 5600 Cox Road, Glen Allen, Virginia.

1.18    Defendant Lawyers Title Company is, and at all times relevant hereto has been, a California corporation with its principal place of business at 5600 Cox Road, Glen Allen, Virginia.

1.19    Defendant Southland Title Corporation is, and at all times relevant hereto has been, a California corporation with its principal place of business at 5600 Cox Road, Glen Allen, Virginia.

1.20    Defendant Southland Tile of San Diego is, and at all times relevant hereto has been, a California corporation with its principal place of business at 5600 Cox Road, Glen Allen, Virginia.

1.21    The term "Escrow Defendants" as used in this Complaint shall be deemed to mean and include the Defendants previously identified as First American Fund Control, Inc., California Fund Control, Inc., LandAmerica Title Company, Lawyers Title Company, Southland Title Company, and Southland Title of San Diego.

## II. Jurisdiction and Venue

2.1    This Court has subject matter jurisdiction and personal jurisdiction over this matter, pursuant to 28 U.S.C. §1331, as this matter involves at least one Federal question.

2.2    This Court has subject matter jurisdiction and personal jurisdiction over this matter, pursuant to 28 U.S.C. §1332, as this matter involves citizens of different states and the amount in controversy exceeds $75,000.00.

COMPLAINT - 4

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

2.3     Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claims occurred in this district.

2.4     This Court has jurisdiction over this matter as specifically provided by Congress in the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §1719.

2.5     This Court has supplemental jurisdiction to hear claims based on Washington law, pursuant to 28 U.S.C. §1367.

### III. Factual Basis of Complaint

#### A. THE AGREEMENT BETWEEN MAJLESY AND PB IMPULSORES

3.1     This action arises out of and relates to the promotion, marketing, and sale of condominium units within, and the ultimate failure of, a development known as "Trump Ocean Resort Baja" which was to be built in Baja, Mexico.

3.2     On December 8, 2006, Plaintiff Majlesy signed a limited power of attorney appointing Renee Hourston to be his attorney-in-fact for the sole purpose of purchasing a condominium unit at the Trump Ocean Resort Baja and to deliver the agreement to purchase, along with all related documents, to PB Impulsores, the seller.

3.3     The limited power of attorney entered into by Majlesy on December 8, 2006, expired on December 31, 2006, at 11:59 p.m. (PST).

3.4     On or about December 8, 2006, through his attorney-in-fact Renee Hourston, Majlesy agreed to purchase unit No. 1805 of Trump Ocean Resort Baja, as memorialized in a document entitled "Promise of Transfer of Ownership Trust Agreement" (hereinafter "The Agreement"). The Agreement identifies PB Impulsores as the seller and Banco J.P. Morgan as trustee.

3.5     Majlesy and PB Impulsores agreed to a purchase price of $537,900.00. Majlesy agreed to pay a deposit in three installments. Each installment consisted of 10% of the purchase price. Majlesy paid three installments of $53,790.00 each, for a total deposit amount of

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

COMPLAINT - 5

$161,370.00. The deposit payments were made by bank wire transfers on or about January 17, 2007, March 9, 2007, and November 2, 2007.

3.6     By accepting the wire transfers making up the deposit for Majlesy's purchase of the condominium unit, Defendants ratified the Agreement and participated in the offer and sale of real estate in the Western District of Washington.[1]

3.7     Pursuant to the terms of the Agreement, PB Impulsores unconditionally and irrevocably guaranteed refund of the deposit paid by Majlesy, without deduction, in the event of default or termination of the Agreement by PB Impulsores.

3.8     On or about September 1, 2007, Plaintiff Majlesy signed a limited power of attorney appointing Renee Hourston to be his attorney-in-fact purportedly for the purposes of signing (i) an Option and Promise of Transfer of Ownership Trust Agreement, and (ii) signing the acknowledgement page of the HUD Property Report.

3.9     The limited power of attorney entered into by Majlesy on September 1, 2007, expired on that same date, at 11:59 p.m. (PST).

3.10    Subsequent to entering into the limited power of attorney dated September 1, 2007, PB Impulsores provided Majlesy with a Property Report for TRUMP Ocean Resort Baja Mexico. The first page of the Property Report states, among other things: "READ THIS PROPERTY REPORT BEFORE SIGNING ANYTHING." The Property Report was first provided to Majlesy approximately ten months after Majlesy and PB Impulsores entered into the agreement to purchase and sell the condominium unit.

3.11    The first page of the Property Report also states that: "Federal Law requires that you receive this Report prior to signing a contract or agreement to buy or lease a unit in the Subdivision."

3.12    Trump Ocean Resort Baja Mexico is registered with the United States Department of Housing and Urban Development ("HUD"), pursuant to the Interstate Land Sales Full

---

[1] *Hobson v. Princeton-New York Investors, Inc.*, 799 F. Supp. 802 (1992). Buyer of real property signed the purchase and sale agreement in Ohio for real property located in New Jersey. Buyer sent the signed agreement and a deposit check to New Jersey. Seller deposited the check in New Jersey and thereby ratified the contract and participated in an offer and sale of real estate in Ohio for purposes of jurisdiction under the Interstate Land Sales Full Disclosure Act.

COMPLAINT - 6

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

Disclosure Act ("ILSA"), under subdivision No. 31931, listing PB Impulsores as the developer, and the developers address as 515 South Flower Street, 25th Floor, Los Angeles, California.

3.13   Among other things, the Property Report alerts the buyer to warnings and advises the buyer to read all such warnings carefully before signing any contract or agreement.

3.14   The HUD website listing for Trump Ocean Resort Baja Mexico states that the development consists of 186 units. The Property Report states that the Report covers 232 units and may eventually cover 526 units.

3.15   Among other things, the Property Report states that the developer cannot guarantee that a water system will be approved for the development.

3.16   Among other things, the Property Report states that the developer cannot guarantee that a sewer system will be approved for the development.

3.17   Among other things, the Property Report states that no funds have been set aside for the completion of electrical lines for the development.

3.18   Among other things, the Property Report states that there is no guarantee that telephone service will be provided for the development.

3.19   On or about February 16, 2009, PB Impulsores notified Majlesy in writing that the "Baja project will not be able to proceed", that all monies paid into the project had been spent, and that no monies will be refunded.

3.20   None of the deposit money paid by Majlesy has been returned to Majlesy.

### B. USE OF THE "TRUMP" MARK

3.21   Defendants engaged in an aggressive marketing campaign seeking pre-sales of units purportedly to be built at Trump Ocean Baja Resort, relying heavily on the "Trump" mark.

3.22   Defendants advertised using photographic/written brochures and the websites www.trump-baja.com and www.trump.com.

3.23   Communications between the defendants and Majlesy were frequented printed on "Trump" letterhead.

COMPLAINT - 7

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

3.24    At all times relevant hereto, Defendants held out Trump as an active, equity investor in the development and created the appearance that the development would be run as part of Trump's portfolio of luxury real estate developments.

3.25    Promotional materials featured images of Donald Trump and statements by him that led potential buyers to understand that Trump's various companies were involved in the development.

3.26    Defendants erected a billboard at the development site featuring Donald Trump's image.

3.27    Defendants issued press releases advertising Trump Ocean Resort Baja as an upcoming part of Trump's portfolio.

3.28    One particular press release on the www.trump.com website specifically stated that the development was "developed as a partnership between The Trump Organization and Irongate, a Los Angeles-based real estate development and investment company."

3.29    Defendants advertised Trump Ocean Resort Baja in national magazines and newspapers as well as issued press releases to national and regional media outlets.

3.30    Donald J. Trump's signature appears on a letter to Majlesy, dated August 12, 2007, in which Mr. Trump explains that HUD has requested a Property Report. That same letter includes language boasting of Trump Ocean Resorts progress.

3.31    Majlesy received a letter, dated July 16, 2007, from Brendan Mann of S&P Destination Properties, printed on "Trump Ocean Resort" letterhead, stating, among other things, "We congratulate you on the decision to own with one of the world's most respected real estate developers; TRUMP."

3.32    The "Trump" mark is intimately associated with luxury real estate, and the involvement of Trump business entities in the development was integral to inducing Majlesy to agree to purchase a condominium unit at Trump Ocean Resort Baja.

3.33    Majlesy relied on the representations made by Trump business entities in agreeing to purchase a condominium unit.

3.34    Majlesy was led to believe that he was buying a Trump brand property.

3.35    Defendants maintained that they had secured financing for the development, when in fact they had not.

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

3.36   PB Impulsores informed Majlesy, by letter dated January 28, 2009, that Trump Marks Baja, LLC, elected to terminate the license agreement under which PB Impulsores was using the Trump mark. That letter states that notice of the termination was received by PB Impulsores on January 16, 2009.

### C.  PROPERTY HELD IN TRUST

3.37   Mexican law does not permit foreign individuals or foreign companies to own real property within 50 kilometers of the coastline. Therefore, it is common for foreign individuals and foreign companies to hold real property located in such areas in a trust.

3.38   Majlesy, Defendant PB Impulsores, and Defendant Banco JP Morgan entered into a Promise of Transfer of Ownership Trust Agreement on or about December 8, 2006, identifying Majlesy as Buyer, PB Impulsores as Seller, and Banco JP Morgan as Trustee.

3.39   The Agreement purports to obligate Buyer to purchase Unit 1805 of the Trump Ocean Resort Baja, and that at closing the Seller, Trustee, and Buyer would appear before a Mexican Notary Public to execute a Unit Trust Agreement whereby the Buyer would become the beneficiary under a duly formed Mexican trust in which legal title to Buyer's unit would be held for the benefit of Buyer.

### D.  PB IMPULSORES / IRONGATE ALTER EGO ENTITIES

3.40   The Irongate defendants created PB Impulsores, a Mexican company, as a way of evading liability for the potential failure of the development.

3.41   All of the promotional materials for the development indicate that the development is a Trump project, an Irongate project, and/or a Trump/Irongate partnership. The promotional materials did not indicate that the developer was a Mexican company.

3.42   PB Impulsores and the Irongate defendants all have the same principal business address, 10880 Wilshire Boulevard, Suite 1460, Los Angeles, California.

3.43   PB Impulsores was used, and is still being used, to violate or evade duties owed by Defendants to Majlesy.

COMPLAINT - 9

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

3.44  The corporate form of PB Impulsores must be disregarded in order to prevent loss and injustice to Majlesy.

### E. FAILURE TO FOLLOW ESCROW INSTRUCTIONS

3.45  The escrow instructions for the Promise of Transfer of Ownership Trust Agreement (the "Agreement") are provided partially in Provision 9 of the Agreement and partially in EXHIBIT D to the Agreement.

3.46  Among other things, Provision 9(a) of the Agreement requires the Escrow Holder to execute an Escrow Holder Acknowledgement, acknowledging receipt of the Agreement and any deposit amounts received from Buyer (Majlesy).

3.47  The Escrow Defendants, as defined above in the "Parties" section of this Complaint, were designated as the Escrow Holder for the transaction between PB Impulsores and Majlesy.

3.48  The Escrow Defendants failed to provide a signed Escrow Holder Acknowledgement acknowledging receipt of Agreement.

3.49  The Escrow Defendants failed to provide a signed Escrow Holder Acknowledgement acknowledging receipt of deposit amounts paid by Majlesy.

3.50  The Escrow Defendants released monies to Seller (PB Impulsores) without verifying that such monies were being used for pre-construction costs, construction costs, etc. as required by Provision 9(b) of the Agreement.

3.51  The Escrow Defendants sent a letter to Majlesy, dated January 20, 2009, wherein they states that Southland Title Company and LandAmerica were resigning as escrow holders for the transaction between PB Impulsores and Majlesy.

3.52  Among other things, the Escrow Defendants state in the January 20, 2009, letter that no monies remain in escrow and that all monies which had been deposited in escrow had been disbursed to Seller.

3.53  Less than three years has passed since the signing of the Agreement for the purchase and sale of the condominium, and less than three years has passed since Majlesy discovered or could have discovered the acts and omissions of Defendants which for the basis of the claims herein.

COMPLAINT - 10

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

# IV. Claims for Relief

4.1     All foregoing allegations are re-alleged herein and incorporated into the claims below.

### A. FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT FOR SALE OF CONDOMINIUM UNIT

4.2     Majlesy and Defendant PB Impulsores entered into a contractual agreement for the purchase and sale of a condominium unit.

4.3     In failing to refund deposit monies to Majlesy, PB Impulsores materially breached the contract.

4.4     As a direct result of Defendants' breach of contract, Majlesy has suffered damages, including direct damages, foreseeable consequential damages, and incidental damages, as more specifically set forth in the prayer for relief below.

### B. SECOND CLAIM FOR RELIEF – VIOLATION OF 15 USCS §1703 (a)(1)(A)

4.5     Section 1703 (a)(1)(A) of the Interstate Land Sales Full Disclosure Act ("ILSA") states that a developer may not sell a condominium unit unless a statement of record is in effect with respect to such property.

4.6     Defendants sold a condominium to Majlesy prior to there being a statement of record in effect with respect to the property, and thereby violated ILSA.

4.7     Majlesy has been harmed by Defendants' violation of ILSA.

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL, P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

## C. THIRD CLAIM FOR RELIEF – VIOLATION OF 15 USCS §1703 (a)(1)(B)

4.8   Section 1703 (a)(1)(B) of the Interstate Land Sales Full Disclosure Act ("ILSA") requires a condominium developer to provide a Property Report to potential buyers in advance of signing any contract or agreement by such purchaser.

4.9   Defendants failed to provide the Property Report to Majlesy, until ten months after signing the Agreement, and thereby violated ILSA.

4.10   Majlesy has been harmed by Defendants' violation of ILSA.

## D. FOURTH CLAIM FOR RELIEF – VIOLATION OF 15 USCS §1703 (a)(1)(C)

4.11   Section 1703 (a)(1)(C) of the Interstate Land Sales Full Disclosure Act ("ILSA") prohibits a condominium developer from making use of any means or instruments of transportation or communication in interstate commerce, or the mails, to sell property, where such communication makes any untrue statement of a material fact or omits a material fact related to the property.

4.12   Defendants made numerous untrue statements of material fact and omitted numerous statements of material fact when offering to sell a condominium unit to Majlesy. Defendants failed to provide the Property Report to Majlesy, until ten months after signing the Agreement, and thereby violated ILSA.

4.13   Among other things, Defendants presented the development as a Trump project, Defendants failed to disclose that water, sewer treatment, electricity, etc. may not be provided to the development.

4.14   Among other things, Defendants led Majlesy to believe that the deposited monies would be used for construction.

COMPLAINT - 12

**MDK LAW ASSOCIATES:**
**THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.**
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

1   4.15   Among other things, Defendants led Majlesy to believe that deposited monies would be refunded in the event that the project was canceled.

4.16   Majlesy has been harmed by Defendants' violation of ILSA.

### E. FIFTH CLAIM FOR RELIEF – VIOLATION OF 15 USCS §1703 (a)(2)(A-D)

4.17   Section 1703 (a)(2)(A-D) of the Interstate Land Sales Full Disclosure Act ("ILSA") prohibits a condominium developer from, with respect to the sale or offer to sell, a condominium unit to employ any device, scheme, or artifice to defraud, or to obtain money by means of any untrue statement of material fact or omission of a material fact, or to engage in any transaction, practice, or course of business which operates as fraud or deceit upon a purchase, or failing to represent that roads, sewers, etc. will be provided without stipulating as such in the contract for sale.

4.18   Defendants made numerous untrue statements of material fact and omitted numerous statements of material fact when offering to sell a condominium unit to Majlesy.

4.19   Among other things, Defendants presented the development as a Trump project, Defendants failed to disclose that water, sewer treatment, electricity, etc. may not be provided to the development.

4.20   Among other things, Defendants led Majlesy to believe that the deposited monies would be used for construction.

4.21   Among other things, Defendants led Majlesy to believe that deposited monies would be refunded in the event that the project was canceled.

4.22   Majlesy has been harmed by Defendants' violation of ILSA.

COMPLAINT - 13

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

## F. SIXTH CLAIM FOR RELIEF - FRAUD

4.23 Defendants induced Majlesy to enter into the Agreement by misrepresenting material facts as follows:

(a) Defendants represented that the development was a Trump project, that Irongate was a partner of Trump, that monies deposited by Majlesy would be used for construction, that roads, water, electricity, etc. would be provided for the development;

(b) Construction of the project, the project being a Trump project, use of the monies, and roads, water, electricity, etc. were material to the Agreement;

(c) Defendants' representations were false;

(d) Defendants had actual knowledge of the falsity of said representations;

(e) Defendants intended that Majlesy rely on her false representations;

(f) Majlesy had no knowledge of the falsity of Defendants' representations;

(g) Majlesy relied on the truth of Defendants' representations;

(h) Majlesy was justified in relying on the truth of Defendants' representations; and

(i) Majlesy has been harmed, damages have occurred, as a result of Defendants' representations.

4.24 Based on the foregoing, Defendants committed fraud.

4.25 As a direct result of Defendants' fraud, Majlesy has suffered damages, including direct damages, foreseeable consequential damages, and incidental damages, as more specifically set forth in the prayer for relief below.

COMPLAINT - 14

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

### G. SEVENTH CLAIM FOR RELIEF – BREACH OF CONTRACT FOR FAILURE TO FOLLOW ESCROW INSTRUCTIONS

4.26  Defendants failed to follow the escrow instructions by failing to provide acknowledgements of receipt for the Agreement and the monies deposited by Majlesy, and by failing to ensure that monies were released from escrow for purposes allowed for in said instructions.

4.27  As a direct result of Defendants' failure to follow escrow instructions, Majlesy has suffered damages, including direct damages, foreseeable consequential damages, and incidental damages, as more specifically set forth in the prayer for relief below.

### H. EIGHTH CLAIM FOR RELIEF - CONVERSION

4.28  Majlesy is, and at all times relevant hereto was, the lawful and rightful owner of all monies paid by him as deposits for the condominium unit.

4.29  Defendants took possession of the monies deposited by Majlesy, and exercise control over said money.

4.30  Majlesy has been, and continues to be, deprived of the monies.

4.31  Defendants, in keeping and refusing to refund the deposited monies to Majlesy, have committed conversion.

### I. NINTH CLAIM FOR RELIEF – UNJUST ENRICHMENT

4.32  Majlesy conferred a benefit on the Defendants by paying the deposit funds.

4.33  Defendants had, and continue to have, knowledge of such benefit.

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

4.34   Defendants accepted and retained the deposit monies, and such retention is inequitable and unjust.

4.35   Defendants have been unjustly enriched.

4.36   Majlesy has been harmed as a result of Defendants' unjust enrichment.

### J.  TENTH CLAIM FOR RELIEF – NEGLIGENCE

4.37   Defendants owed Majlesy a duty of care to hold the deposited monies and to ensure that said monies be used for construction costs, and related costs.

4.38   Defendants breached their duty of care in permitting the deposited monies to be spent, or otherwise disposed of, in a manner inconsistent with their duty of care. The monies were not used to finance the construction of the condominium.

4.39   Majlesy has been harmed as a result of Defendants' failure to meet their duty of care with respect to the deposited monies.

4.40   Defendants' actions and omissions were the actual and proximate cause of the harm to Majlesy.

### K.  ELEVENTH CLAIM FOR RELIEF – VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW §19.86

4.41   Defendants engaged in unfair or deceptive acts in the conduct of trade or commerce, by among other things, holding out Trump as the developer, representing that Trump and Irongate were development partners, by representing that the deposit monies would be used for construction, and that utilities would be provided for the development.

4.42   The public interest has been affected by Defendants' unfair or deceptive acts.

4.43   Defendants' unfair or deceptive acts are susceptible of repetition.

COMPLAINT - 16

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

4.44   Majlesy has been harmed by the unfair or deceptive acts of Defendants.

## V.  Relief Sought

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

5.1   For recovery of all monies paid or deposited by Majlesy in connection with the Agreement;

5.2   For recovery of Majlesy's attorneys fees and costs pursuant to the Agreement, and pursuant to 15 U.S.C. 1709, and pursuant to the Washington Consumer Protection Act, RCW §19.86;

5.3   For judgment that Defendants have violated 15 USCS §1701 *et seq* (ILSA);

5.4   For all direct, incidental, and consequential damages resulting from Defendants' breaches of contract;

5.5   For all damages available, including all exemplary and/or punitive damages, pursuant to 15 USCS §1701 *et seq* (ILSA) and any other applicable law;

5.6   For exemplary damages pursuant to the Washington Consumer Protection Act, RCW §19.86;

5.7   For recovery of all damages resulting from Defendants' conversion;

5.8   For recovery of all damages resulting from Defendants' unjust enrichment;

5.9   For recovery of all damages resulting from Defendants' negligence;

5.10   For costs of suit, pursuant to RCW 4.84, if applicable;

5.11   For attorneys fees, pursuant to RCW 4.84, if applicable;

5.12   For postjudgment interest accruing at a rate of 12% per annum or the highest rate permitted by law, whichever is higher, pursuant to RCW 4.56.110 and 15 U.S.C. 1709; and

5.13   For other and further relief as the Court may deem just and equitable.

COMPLAINT - 17

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL  P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of October, 2009.

> MDK LAW ASSOCIATES
> Mark Douglas Kimball, PS
> Attorneys For Plaintiff
>
> _____
> ALEX T. LARKIN, WSBA No. 36613
>
> _____
> MARK D. KIMBALL, WSBA No. 13146

COMPLAINT - 18

MDK LAW ASSOCIATES:
THE LAW OFFICES OF MARK DOUGLAS KIMBALL P.S.
Skyline Tower, Suite 2300
10900 Northeast Fourth Street
Bellevue, Washington 98004
(425)-455-9610